IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARIAN AHLER, derivatively on behalf of REVANCE THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARK J. FOLEY, ET AL., <br><br> Defendants. <br><br> and <br><br> REVANCE THERAPEUTICS, INC., <br><br> Nominal Defendant. | NO. 3:25-cv-00134 <br><br> JUDGE RICHARDSON |

**<u>ORDER</u>**

Plaintiff has filed a "Notice of Voluntary Dismissal" (Doc. No. 9, "Notice"), whereby he purportedly voluntarily dismisses this action pursuant to Fed. R. Civ. P. 41(a)(1)(a)(i).[1] However, the instant case is a derivative action, and voluntary dismissals in derivative actions are governed by Rule 23.1(c).[2] The Court notes that there is a distinction between these two rules, as an action's dismissal under Rule 41(a)(1)(a)(i) does not require a court order but rather is self-effectuating

---

[1] The Court notes that Plaintiff attached to the Notice a "Proposed Order of Voluntary Dismissal" (Doc. No. 9-1, "Proposed Order"). However, the Court treats the Notice as the operative document for dismissal and declines to use the Proposed Order because it incorrectly suggests that dismissal in this case would be pursuant to Rule 41(a)(1)(A)(i).

[2] Rule 23.1(c) states that "A derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval. Notice of a proposed settlement, voluntary dismissal, or compromise must be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c).

while Rule 23.1(c) requires the court's approval for an action's dismissal and also imposes an additional notice requirement on the party that seeks dismissal of the case.

In the Notice, Plaintiff states:

> Defendants have filed neither an answer nor a motion for summary judgment in the Action, and neither Plaintiff nor his counsel have received or been promised any consideration in exchange for the dismissal. On February 6, 2025, Crown Laboratories, Inc. ("Crown") announced the successful closing of its acquisition of Revance. Pursuant to the Acquisition, Crown acquired all of the issued and outstanding shares of Revance common stock at a purchase price of $3.65 per share, net to the stockholder in cash. Accordingly . . . notice to the Revance shareholders, pursuant to Fed. R. Civ. P. 23.1(c) is not necessary in this instance because there are no longer any shareholders of the Company. Furthermore, there has been no settlement or compromise of this Action, there has been no collusion among the Parties, and no payment has been made or will be paid to any party or their counsel in connection with the voluntary dismissal.

(Doc. No. 9 at 2). The Court credits these representations. The Court therefore approves the voluntarily dismissal of this action. The Court also finds that notice to Revance's pre-acquisition stockholders of this dismissal is unnecessary.

Accordingly, this action is DISMISSED without prejudice,[3] and the Clerk is directed to enter judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

[3] Although the Notice does not explicitly indicate whether the dismissal is to be with or without prejudice, the Court is inferring that Plaintiff meant the dismissal to be without prejudice. That is because, although the dismissal is actually governed by Rule 23.1(c), Plaintiff filed the Notice pursuant to Rule 41(a)(1)(A)(i). Rule 41(a)(1)(B), which applies to dismissals filed pursuant to Rule 41(a)(1)(A)(i), states, "Unless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). Therefore, because the Notice does not say that the dismissal is to be with prejudice, the Court deems the dismissal to be without prejudice.